JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Carrington Courtney

**DEFENDANTS**
City of Cleveland, et al.

**(b)** County of Residence of First Listed Plaintiff: Cuyahoga
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Cuyahoga
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James R. Willis, 614 W. Superior Ave., 1144, Cleveland, OH 44113

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 42, United States Code, Section 1983

Brief description of cause:
Violation of Civil Rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 200,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 03/09/2016

SIGNATURE OF ATTORNEY OF RECORD: s/ James R. Willis

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OHIO

| | |
|---|---|
| **CARRINGTON COURTNEY** ) <br> 2264 E. 89th Street ) <br> Cleveland, Ohio 44106 ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> **CITY OF CLEVELAND** ) <br> 601 Lakeside Avenue East ) <br> Cleveland, Ohio 44114 ) <br> ) <br> *And* ) <br> ) <br> **OFFICER BRIAN MIDDAUGH, #2128** ) <br> c/o Cleveland Police Department ) <br> 1300 Ontario Avenue ) <br> Cleveland, Ohio 44113 ) <br> ) <br> **OFFICER CARL ROBINSON, #2015** ) <br> c/o Cleveland Police Department ) <br> 1300 Ontario Avenue ) <br> Cleveland, Ohio 44113 ) <br> ) <br> **JOHN DOE and RICHARD ROE,** ) <br> All these officers (including those named ) <br> above) are being sued individually ) <br> and in their capacities as Cleveland police ) <br> officers. Because the identity and exact ) <br> badge number are unknown, these other ) <br> individuals we designate to defendant ) <br> CITY OF CLEVELAND - - as being ) <br> DOES 1 through 5. Their address is also ) <br> being listed as: 1300 Ontario Avenue ) <br> Cleveland, Ohio 44113 ) <br> ) <br> Defendants. ) <br> ) | CASE NO. <br><br><br><br> JUDGE <br><br><br><br><br><br><br><br><br> **COMPLAINT FOR VIOLATION** <br> **OF CIVIL RIGHTS – JURY TRIAL** <br> **DEMANDED** |

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged occurred in the City of Cleveland, which is within this judicial district.

## PARTIES

2. Plaintiff CARRINGTON COURTNEY is and at all times herein mentioned was a resident of Cleveland, Ohio, and readily recognizable as African American.

3. Defendant CITY OF CLEVELAND "THE CITY", is a municipal corporation, duly organized and existing under the laws of the State of Ohio.

4. At all times mentioned herein, defendants OFFICERS BRIAN MIDDAUGH, #2128 and CARL ROBINSON, #2015; as well as, JOHN DOE and RICHARD ROE (hereinafter included in the appellation "OFFICERS"), were employed as police officers for defendant CITY. Defendant officers are sued individually and in their capacity as police officers for the CITY. By engaging in the conduct described here, defendant OFFICERS acted under the color of law and in the course and scope of their employment for defendant CITY. By engaging in the conduct described here, defendant OFFICERS exceeded the authority vested in them as police officers under R.C. of Ohio, §737.01 *et al.*, and the United States Constitution and as employees of the CITY.

5. Plaintiff is ignorant of the true names and capacities of defendant DOES 1 through 5 inclusive, and therefore sue these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the humiliations, frustrations, and damages suffered by plaintiff as set forth. Plaintiff will amend his complaint to state the true names and capacities of defendants DOES 1 through 5, inclusive, when they have been ascertained in the wake of discovery and otherwise.

6. At all times mentioned herein, each named and DOE defendant was the agent or employee of defendant CITY, and in doing the things alleged, were acting within the course and scope of such agency or employment and with the actual or implied permission, consent, authorization, approval and countenance of CITY.

## STATEMENT OF FACTS

7. On or about November 21, 2015, plaintiff, a patently obvious African American, had parked his vehicle on private property. He had broken no laws, and was engaged in conversations with several friends, when he was accosted by an armed cadre of individuals who summarily arrested him - - indeed without probable cause.

8. Defendant OFFICERS, for reasons known only to them, also initiated a search of Mr. Courtney's vehicle, and Courtney himself (as well as of the people with whom he was conversing). All this without probable cause. These officers *at gunpoint* forced Mr. Courtney to put his hands out the window. To be sure the offending OFFICERS (and other OFFICERS)

aggressively removed Mr. Courtney from the vehicle. They berated Courtney and the others - - who were likewise mauled and manhandled, and they all ended up on the ground.

9. While retrieving from Mr. Courtney (in the wake of a search) his identification and checking it, these OFFICERS searched and trashed his vehicle, doing damage to it. Later the vehicle was towed and Courtney taken to jail and imprisoned. His right to seek counsel, as expressly provided in R.C. of Ohio §2935.20 was traversed.

10. In searching the vehicle it was done without probable cause or consent. In doing so the OFFICERS ransacked the car, looking for drugs. They found no drugs.

11. Despite the fact that there was absolutely no evidence that any crime had been committed, or was being committed that in any way involved Mr. Courtney, still these OFFICERS (as a ploy) threatened Mr. Courtney with serious bodily harm if he continued resisting. This was something he definitely was not doing.

12. Some of these various OFFICERS continued their illegal searches and eventually located a gun (for which Courtney had a license) inside the vehicle. At this point the OFFICERS aggravated their mistreatment of him.

13. Mr. Courtney was belatedly charged with an offense after having been held in jail without any charge for more than 48 hours - - a limitation imposed on these OFFICERS and the

CITY, by the United States Supreme Court in *County of Riverside v. McLaughlin*, **500 U.S. 400 (1991)**.

## DAMAGES

14. As a proximate result of defendants' conduct, plaintiff suffered pain and other injuries. As a further proximate result of defendants' terrorist-like conduct, plaintiff suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of his sense of security, dignity, and pride as an African American citizen of the United States.

15. As a further proximate result of defendants' conduct, plaintiff has incurred legal expenses, and endured hours in jail, being photographed, and he was compelled to make numerous court appearances with retained counsel. None of the OFFICERS specifically named in this Complaint appeared at any of the Hearings - - even the last one, that occurred on January 22, 2016, when the case was dismissed over counsel's objection.

16. The conduct of defendant OFFICERS was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against defendant OFFICERS.

17. Given plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law, plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil and constitutional rights.

## FIRST CLAIM FOR RELIEF

(42 U.S.C., §1983)

(Against defendants OFFICERS and DOES 1 through 5, inclusive)

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of this Complaint.

19. In doing the acts complained of it is being contended the defendant OFFICERS acted under color of law to deprive the plaintiff of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution;

    b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

    c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; and,

    d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution.

20. As a proximate result of defendants' wrongful conduct, plaintiff suffered injuries and damages as set forth.

**WHEREFORE**, plaintiff prays for relief as set forth.

## SECOND CLAIM FOR RELIEF

(42 U.S.C. §1983)

(Against Defendant CITY OF CLEVELAND)

21. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 17 of this Complaint.

22. The CITY, by and through their supervisory officials and employees, has been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by defendant OFFICERS herein, and other Cleveland police officers, consisting of racial profiling, illegal detentions of African American citizens, excessive force against African American citizens, and racially motivated threats against African American citizens. Despite said notice, defendant CITY has demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by Cleveland police officers. This lack of an adequate supervisorial response by defendant CITY demonstrates the existence of an informal custom or policy which tolerates and promotes the continued use of racial profiling, illegal search and seizures, racially motivated threats, excessive force, and violation of civil rights of African American citizens by Cleveland police officers.

23. The acts of defendant OFFICERS alleged herein are the direct and proximate result of the deliberate indifference of defendant CITY and its supervisory officials and employees to violations of the constitutional rights of persons by defendant OFFICERS herein, and other members of the Cleveland Police Department. The plaintiff's injuries were foreseeable and a

proximate result of the deliberate indifference of the CITY to the pattern, practices, customs, and policies described above.

**WHEREFORE**, Plaintiff prays for relief as set forth.

### THIRD CLAIM FOR RELIEF

(Assault and Battery)

(Against all defendants)

24. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 17 of this Complaint.

25. Defendant OFFICERS committed assault and battery against plaintiff in violently throwing Mr. Courtney onto the ground and by repeatedly threatening to shoot Mr. Courtney even though they knew that he had committed no crime and was not posing any danger to the officers' safety - - indeed he alone was being victimized and was in jeopardy at the hands of these people.

26. Defendants' conduct was neither privileged nor justified under any statute or common law doctrine; hence must be viewed as characterized herein.

27. As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as set forth.

28. Since the conduct of defendant OFFICERS occurred in the course and scope of their employment, defendant CITY is therefore liable to plaintiff pursuant to the concept of respondeat superior.

**WHEREFORE,** Plaintiff prays for relief as set forth.

### FOURTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

(Against all defendants)

29. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 17 of this Complaint.

30. The conduct of defendant OFFICERS, as set forth herein, was extreme, egregious and outrageous. It was markedly beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. However, in order to deliberately traumatize and frustrate plaintiff, defendant OFFICERS willfully and intentionally committed the aforementioned extreme and outrageous acts, virtual tyranny, with the intent to inflict severe, devastatingly intense thrusts of mental and emotional distress and anguish upon plaintiff.

31. As a proximate result of defendants' willful, intentional, malicious, and well-calculated conduct, plaintiff suffered severe and extreme mental and emotional distress. Therefore, plaintiff is entitled to an award of punitive damages as against the individually named police officers. Plaintiff has suffered damages as set forth.

32. Since the conduct of defendant OFFICERS occurred in the course and scope of their employment, defendant CITY is therefore liable to plaintiff pursuant to *respondeat superior*.

**WHEREFORE**, Plaintiff prays for relief as set forth.

### FIFTH CLAIM FOR RELIEF

(Negligence)

(Against all defendants)

33. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 32 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

34. At all times herein mentioned, defendant OFFICERS were subject to a duty of care, to avoid causing unnecessary physical harm and distress to citizens in the exercise of the police function. The conduct of defendant OFFICERS, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers, proximately causing plaintiff to suffer damages as set forth.

35. Since the conduct of defendant OFFICERS occurred in the course and scope of their employment, defendant CITY is therefore liable to plaintiff pursuant to *respondeat superior* in addition to its own liability.

**WHEREFORE**, Plaintiff prays for relief as set forth.

### SIXTH CLAIM FOR RELIEF

(Negligent Infliction of Emotional Distress)

(Against all defendants)

36. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 35 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

37. At all times herein mentioned, defendant OFFICERS were subject to a duty of care, to avoid causing unnecessary physical harm and emotional distress to citizens. The conduct of defendant OFFICERS, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers, proximately causing plaintiff to suffer damages as set forth.

38. The conduct of defendant OFFICERS as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.

39. As a proximate result of defendant OFFICERS' conduct, plaintiff suffered severe and extreme mental and emotional distress. Plaintiff has suffered damages as set forth.

40. Since the conduct of defendant OFFICERS occurred in the course and scope of their employment, defendant CITY is therefore liable to plaintiff pursuant to respondeat superior.

**WHEREFORE**, Plaintiff prays for relief as set forth.

## SEVENTH CLAIM FOR RELIEF

(Revised Code of Ohio §2921.45)

(Against all defendants)

41. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 40 of this Complaint.

42. The conduct of defendant OFFICERS as described herein violated R.C. of Ohio §2921.45, in that they interfered with plaintiff's exercise and enjoyment of his civil rights, as enumerated above, through use of racial profiling, illegal threats, illegal searches and seizures, wrongful force, and false arrest and imprisonment.

43. As a direct and proximate result of defendant OFFICERS' violation of R.C. of Ohio §2921.45, plaintiff suffered violations of his constitutional rights, and suffered damages, augmented by the degradations, the deprivations and the humiliations referred to herein.

44. Since, and inasmuch as, the conduct of defendant OFFICERS occurred in the course and scope of their employment, defendant CITY is therefore liable to plaintiff pursuant to the doctrine of respondeat superior.

45. Plaintiff is also entitled to injunctive relief and an award of reasonable attorney's fees pursuant to the laws in this case made and provided for those victimized in the wake of violations of this statute as well.

**WHEREFORE**, Plaintiff prays for relief as set forth.

### EIGHTH CLAIM FOR RELIEF

(False Imprisonment)

(Against all defendants)

46. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 45 of this Complaint.

47. On or about November 21, 2015, it is also, and likewise, being said defendant OFFICERS detained plaintiff maliciously and without reasonable suspicion, probable cause, a warrant, or order of commitment of any kind, or any other legal authority of any kind, even though plaintiff had not committed any crime or public offense. Defendant OFFICERS did not have reasonable cause to believe that plaintiff had committed any offense.

48. Defendant OFFICERS forcibly, callously and maliciously detained and thereby imprisoned plaintiff until he was eventually released and the yoke of being an accused removed.

49. The conduct of defendant OFICERS as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. However, in order to deliberately injure plaintiff, defendant OFFICERS committed the aforementioned extreme and outrageous acts with the intent to inflict severe injury upon plaintiff, thereby justifying an award of punitive damages against the OFFICERS and the CITY.

50. As a proximate result, plaintiff suffered damage as set forth.

**WHEREFORE**, Plaintiff prays for damages as set forth.

### NINTH CLAIM FOR RELIEF

(Malicious Prosecution)

51. The OFFICERS (and all defendants) in this case are also being charged with having engaged in a pattern of overly aggressive and unwarranted (indeed undeserved) conduct toward the plaintiff, Mr. Courtney, that did not merely exceed the level of flagrancy, it was punctuated by a level of malevolence that gives rise to proof of actual malice. This is especially so since it can be, and will be, shown that no plausible reasons could have occurred to these officers (at any time during the ordeal they subjected the plaintiff to) that impelled their actions. With this being so, it follows they acted maliciously in trumping Mr. Courtney's civil and constitutional rights, as they did.

**WHEREFORE**, Plaintiff prays for damages as set forth.

## JURY DEMAND

52. Plaintiff hereby demands a jury trial in this action.

## PRAYER

**WHEREFORE**, Plaintiff prays for relief as follows:

1. General damages according to proof;

2. Special damages according to proof;

3. Punitive damages according to proof;

4. Reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5. Costs of suit incurred herein; and

6. Such other and further relief as the Court may deem just and proper.

Dated: March 9, 2016.

                                                s/ James R. Willis
                                                **JAMES R. WILLIS, ESQ., #0032463**

                                                s/ Myron P. Watson
                                                **MYRON P. WATSON, ESQ., #**
                                                **1144 Rockefeller Building**
                                                **614 West Superior Avenue**
                                                **Cleveland, Ohio 44113**
                                                **(216) 523-1100**
                                                **(216) 575-7664 (Fax)**
                                                **ATTORNEYS FOR PLAINTIFF**