IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Carrington Courtney,** | ) | Case No. 1:16-CV-578 |
| | ) | |
| **Plaintiff,** | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| **City of Cleveland, et al.,** | ) | MEMORANDUM OPINION |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court upon Defendants' Motion for Summary Judgment (ECF #19). Plaintiff failed to file a Brief in Opposition to Defendants' Motion for Summary Judgment. For the reasons explained below, Defendants' Motion for Summary Judgment is GRANTED in part.

## Facts and Procedural History[1]

Plaintiff, Carrington Courtney, filed this action against Defendants, Officers Carl Robinson and Brian Middaugh and the City of Cleveland ("City"), stemming from Mr. Courtney's arrest for improper handling of a firearm in a motor-vehicle in the early hours of November 21, 2015. Mr. Courtney filed claims for relief against Officers Robinson and Middaugh under 42 U.S.C. §1983 alleging constitutional violations of:

1) The right to be free from unreasonable search and seizures, as guaranteed by Fourth and Fourteenth Amendments;

2) The right not to be deprived of life and liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments;

---

[1] Except as otherwise cited, the factual summary is based on the complaint, the Defendants' Motion for Summary Judgment, and supporting evidence. Those material facts which are controverted and supported by deposition testimony, affidavit, or other evidence are stated in the light most favorable to Plaintiff, the non-moving party.

3) The right to be free from the use of excessive force of police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments; and

4) The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment.

(ECF #1 ¶ 19). Mr. Courtney also filed a *Monell* claim against the City under 42 U.S.C. §1983 claiming a lack of adequate supervisorial instructions to Cleveland police officers resulting in a City wide practice of racial profiling against African Americans of which Mr. Courtney was allegedly a victim. (ECF #1 ¶¶ 22,23). Mr. Courtney also filed several additional state law claims.

Officer Middaugh, with other members of the Gang Impact Unit, received a call over the radio for "males with guns" at East 93rd and Gibson just after midnight on November 21, 2015. The officers arrived at the location and were directed by two bystanders towards Mr. Courtney's Cadillac Escalade, indicating that Mr. Courtney and a friend were the "males with guns" referenced over the radio. (ECF #19 p.2).

Officer Middaugh and other members of the Gang Impact Unit approached the vehicle with guns drawn and instructed Mr. Courtney to keep his hands outside the window of his vehicle. Just as Officer Middaugh was approaching the driver's side window, Mr. Courtney stated that he had a gun in the vehicle and began to move his hands. (Courtney Dep. 44). Officer Middaugh, believing that Mr. Courtney was reaching for the gun, grabbed Mr. Courtney by the arms, but Mr. Courtney jerked away from Officer Middaugh's grip. *Id.* Officer Middaugh was able to reach into the vehicle and gain control of Mr. Courtney as Detective McNeeley entered through the passenger side door and located a Smith & Weston .540 black semiautomatic gun loaded with ten rounds in the center console, well within Mr. Courtney's reach. (ECF # 19 p.1). Mr. Courtney was removed from the vehicle and placed under arrest for improper handling of firearms in a motor-vehicle and was in

custody when Defendant Robinson arrived on the scene to transport Mr. Courtney to jail. (Robinson Dep. 9).

Mr. Courtney was processed early Saturday, November 21, 2015, and asserts that he was released on bail early Monday, November 23, 2015. (Courtney Dep. 65). Mr. Courtney contends that while being taken into custody his neck and wrist were injured, but he failed to notify the officers because he felt they "wouldn't care." *Id.* Mr. Courtney did complain that his handcuffs were too tight, and stated that an officer loosened them when he complained. (Courtney Dep. 60). Mr. Courtney signed a standard procedure medical questionnaire while being processed and did not indicate any chronic or acute medical issues on the questionnaire. (ECF# 18-6). Further, Mr. Courtney never sought any medical treatment after his release despite having insurance. (Courtney Dep. 68-71).

## Standard of Review

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. R. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light

most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F. 3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonable find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). Fed. R. Civ. R. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

4

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-226 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs. Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). Fed. R. Civ. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to be waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

5

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## Analysis

The Court has carefully reviewed the complaint, Defendants' Motion for Summary Judgment, and the supporting materials. The uncontested material facts of the interactions between Officers Middaugh, Robinson, and Mr. Courtney show no cognizable constitutional harm to Mr. Courtney.

The search of Mr. Courtney's car arose from Officer Middaugh responding to a call for "men with guns" and being directed to Mr. Courtney by two bystanders. Eyewitness statements will constitute probable cause unless at the time of arrest there is some apparent reason for the officers to disbelieve them. *Ashlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999). Given these facts and that Mr. Courtney told the Officers he had a gun, Mr. Courtney's claim that he was deprived of his right to be free from unreasonable search and seizures, as guaranteed by Fourth and Fourteenth Amendments fails as a matter of law.

There was no Fifth Amendment violation articulated relating to due process. Procedural due process in connection with the arrest has been satisfied because the arrest was made with probable cause. Further, there was no Fourth Amendment violation because there was probable cause. Mr. Courtney makes no other allegations that would support a finding of a due process violation, either procedural or substantive.

Mr. Courtney failed to show any physical injury during processing, failed to mention any injuries while in custody, and failed to seek medical attention after being released on bail. Tight

handcuffing can be a basis for an excessive force claim, but in order to survive summary judgment a plaintiff must provide evidence of some physical injury resulting from the handcuffing. *Fettes v. Hendershot*, 375 Fed.Appx. 528, 533 (6th Cir. 2010). Although Mr. Courtney alleges injuries, there are no facts or evidence indicating any actual injury, therefore Mr. Courtney's claim for excessive force fails as well.

Mr. Courtney also fails to provide any evidence to establish a claim for a violation of equal protection of the laws, as guaranteed by the Fourteenth Amendment. The Court finds that Officers' the actions were justified in light of the material facts and Mr. Courtney has no claim against the Officers Robinson and Middaugh under 42 U.S.C. §1983.

Without any evidence of constitutional or physical injury at the hands of the Officers, Mr. Courtney has no foundation for his *Monell* claim against the City. If "a person has suffered no constitutional injury at the hands of the individual police officer, the fact that department regulations might have authorized the use of constitutionally excessive force is quite beside the point." *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986). Mr. Courtney has failed to show any constitutional harm as a result of the Officers' actions and therefore fails on his *Monell* claim against the City. Further, Mr. Courtney has offered no evidence that any city policy or practice caused him any constitutional injury. Accordingly, Mr. Courtney's 42 U.S.C. §1983 claims against all Plaintiffs fail and Plaintiffs are entitled to Summary Judgment on those claims.

Because Mr. Courtney's federal claims have been dismissed, the only remaining claims are state law claims. It is generally recognized that where, as in this case, federal issues are dismissed before trial, district courts should decline to exercise supplemental jurisdiction over state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct 1130, 16 L.Ed.2d 218 (1966); *Taylor v. First American Bank-Waynd*, 973 F.2d 1284, 1289 (6th Cir. 1992); *Gaff v. Federal*

7

*Deposit Ins. Corp.*, 814 F.2d 311, 319 (1987). In accordance with this precedent this Court declines to accept supplemental jurisdiction over Plaintiff's numerous state claims.

## Conclusion

For the reasons set forth above, Defendants' Motion for Summary Judgment (ECF #19) is GRANTED in part. There are no genuine issues of material fact as to any of Plaintiff's federal claims and Defendants' are entitled to judgment as a matter of law Plaintiff's federal claims (Counts 1 and 2). The Court declines to exercise its discretion, pursuant to 28 U.S.C. § 1367(c)(3), to retain supplemental jurisdiction over the remaining state law claims, Counts 3 through 9, and those claims are dismissed without prejudice.[2] This case is TERMINATED.

IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: June 28, 2017

---

[2] The complaint was originally filed in federal court so this Court is unable to remand the state claims to state court.